MAEDORTA

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                          22 Cr. 091 (RA)

 5   BILLY ORTEGA, ET AL,

 6                                          Arraignment
                   Defendants.
 7
     ------------------------------x
 8
                                          New York, N.Y.
 9                                        October 14, 2022
                                          2:00 p.m.
10

11   Before:

12                   HON. RONNIE ABRAMS,

13                                        District Judge Judge

14                        APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     MICAH FESTA FERGENSON
17   MICHAEL ROSS HERMAN
          Assistant United States Attorney
18
     DAWN M. FLORIO
19        Attorney for Defendant Billy Ortega

20   RICHARD HARRIS ROSENBERG
          Attorney for Defendant Josefina Marine
21

22

23

24

25
```

MAEDORTA

1          (Case called; appearances noted)

2          THE COURT:  So I understand that Ms. Marine was

3  presented before Magistrate Judge Gorenstein on October 6.  She

4  was released on a bond entered in the amount of a hundred

5  thousand dollars, to be cosigned by three financially

6  responsible people, and she's residing with her sister in

7  Manhattan.

8          Is that all right, Mr. Rosenberg?

9          MR. ROSENBERG:  That's all been taken care of.  Thank

10  you, Judge.

11          THE COURT:  Has she been arraigned on the superseding

12  indictment?

13          MR. FERGENSON:  No.

14          THE COURT:  Okay.  Why don't we do that, and we'll do

15  that with respect to Mr. Ortega as well, because it is a

16  superseding indictment.

17          So the superseding indictment charges you both with a

18  narcotics conspiracy resulting in death -- sorry.  Here.

19          Okay.  So you're both charged in Count 1, as I said, a

20  narcotics conspiracy resulting in death; and then Mr. Ortega is

21  charged in Count 2 by himself with narcotics distribution

22  resulting in death; and then Mr. Ortega is charged in Count 3

23  with narcotics distribution resulting in death; and Count 4,

24  narcotics distribution resulting in death; and in Count 5, both

25  defendants, Mr. Ortega and Ms. Marine, are charged with

1   firearms use, carrying, and possession.

2           So, Mr. Ortega, could you please stand?  Have you seen

3   a copy of the superseding indictment that I just referred to?

4           DEFENDANT ORTEGA:  Yes.

5           THE COURT:  Have you discussed it with your lawyer?

6           DEFENDANT ORTEGA:  Yes.

7           THE COURT:  Do you want me to read it all out loud

8   here in court or do you waive its public reading?

9           DEFENDANT ORTEGA:  I waive it.

10          THE COURT:  How do you plead to the charges?

11          DEFENDANT ORTEGA:  Not guilty.

12          THE COURT:  Thank you.  You can be seated.  Thank you.

13          Ms. Marine, could you please stand.

14          Have you seen a copy of the superseding indictment?

15          DEFENDANT MARINE:  Yes.

16          THE COURT:  Okay.  And have you discussed it with your

17  attorney?

18          DEFENDANT MARINE:  Yes.

19          THE COURT:  Would you like me to read the entire

20  indictment out loud or do you waive its public reading?

21          DEFENDANT MARINE:  No.

22          THE COURT:  Okay.  So you waive the public reading?

23          MR. ROSENBERG:  Yes, she does, Your Honor.

24          THE COURT:  How do you plead to the charges,

25  Ms. Marine?

MAEDORTA

1    DEFENDANT MARINE:  Not guilty.

2    THE COURT:  Not guilty.  Thank you.

3    So I know we had a trial scheduled prior to the

4  superseder for November 28, so why doesn't the government tell

5  me about the status of discovery and what the parties

6  anticipate should happen, will happen next, or what they'd like

7  to happen next in light of this superseding indictment.

8    I should note that I am aware that I have before me

9  Mr. Ortega's motion to suppress.

10    MR. FERGENSON:  Yes, your Honor.  I think, first, let

11  me address the fact that we've added a new defendant.

12    THE COURT:  Right.

13    MR. FERGENSON:  The charges in the superseding

14  indictment are slightly confusing, but, just to clarify,

15  Ms. Marine is not charged with causing the deaths.  And because

16  of that --

17    THE COURT:  I was just reading literally from the

18  indictment, just to be clear.

19    MR. FERGENSON:  Understood, your Honor.

20    THE COURT:  Just to be clear.

21    MR. FERGENSON:  Understood, your Honor.  I think

22  because of that --

23    THE COURT:  Yes.

24    MR. FERGENSON:  -- the government would consent to

25  sever her trial from Mr. Ortega's given that Mr. Ortega's trial

MAEDORTA

1   will necessarily include substantial evidence relating to the

2   causing of those three deaths, which is not necessarily

3   admissible against Ms. Marine in a narcotics conspiracy trial.

4   So I don't think that her joining the case would be reason to

5   adjourn the November trial date.

6           THE COURT:  Okay.  So why don't you just walk us

7   through with respect to -- well, actually, let me just stop for

8   a minute.  Is there any objection from either of the defendants

9   to severing the two trials?

10          MS. FLORIO:  No, your Honor, not with respect to

11  Mr. Ortega.

12          MR. ROSENBERG:  It's my first time hearing this,

13  Judge, but my initial reaction is I have no objection.

14          THE COURT:  Thank you.

15          Mr. Fergenson, why don't you walk me through precisely

16  how the superseding indictment differs from the underlying

17  indictment and if there's any additional discovery that has

18  been produced or needs to be produced with respect to

19  Mr. Ortega.

20          MR. FERGENSON:  It doesn't differ all that much, your

21  Honor, is the short answer.  The original indictment charged a

22  narcotics conspiracy resulting in death in one count.  It

23  charged a (b)(1)(C) conspiracy.  This new indictment also

24  charges a narcotics conspiracy resulting in death in a larger

25  time period and charges a (b)(1)(A) narcotics conspiracy.

1          In both indictments in that -- in Count 1, Mr. Ortega

2     is charged with causing the same three deaths.  The superseding

3     indictment then adds a substantive charge of narcotics

4     distribution resulting in death for each of those three deaths,

5     your Honor.  But substantially it is the same evidence as was

6     already in the original indictment.

7          THE COURT:  Right.

8          MR. FERGENSON:  Same with the larger time period of

9     the narcotics conspiracy.

10         THE COURT:  It obviously increases the weight --

11         MR. FERGENSON:  Correct, your Honor.

12         THE COURT:  -- based on what you just noted.

13         MR. FERGENSON:  But the discovery doesn't change.

14         THE COURT:  Okay.

15         MR. FERGENSON:  And then there is one -- call it a new

16    count, sort of a slightly new count, which is Count 5, which is

17    a 2018 United States Code Section 924(c) charge for possessing

18    and using a firearm in furtherance of that narcotics conspiracy

19    in Count 1.

20         THE COURT:  What, if any, discovery is there on the

21    firearm that hadn't previously been disclosed?

22         MR. FERGENSON:  I don't believe there is anything

23    specific to that, your Honor.  If I may just briefly confer

24    with my colleague?

25         THE COURT:  Sure.

MAEDORTA

1          MR. FERGENSON:  Yes, your Honor, that is correct.

2          Perhaps just one additional note for your Honor is

3     that, you know, arising from the arrest of Ms. Marine, there is

4     evidence that we will also produce in discovery and that has

5     not yet been produced, but we'll do so promptly.  And I don't

6     expect it --

7          THE COURT:  What does that consist of and how

8     voluminous do you expect it to be?

9          MR. FERGENSON:  It consists of evidence relating to

10    the arrest, which took place in the apartment that was used as

11    a stash house for the conspiracy, including, you know, in

12    connection with the charges that Mr. Ortega is facing,

13    photographs, videos.  And also Ms. Marine did have a cell phone

14    that was seized, and, you know, I don't believe we have --

15    we're not inside of the phone yet, but we can provide the

16    discoverable evidence as soon as we're able to review it, your

17    Honor.

18         THE COURT:  Okay.  So in your view, if I were to

19    decide the motion to suppress promptly, is there any reason to

20    adjourn the November 28th trial date?

21         MR. FERGENSON:  Not in the government's view, your

22    Honor.

23         THE COURT:  Alright.  Thank you.

24         Ms. Florio, do you want to be heard at all?

25         MS. FLORIO:  I do.  So I have not had the opportunity

to really fully discuss this with my client. This just happened several days ago. I'm presently on trial with a murder case. We just finished selecting the jury. We're going to start openings, and I'll be on trial for another three to four weeks.

In light of the new information, in light of the new charges which are consecutive to the already mandatory 20 years, even though there may not be voluminous discovery, the government really has had this investigation for eight months, and now we find ourselves very close to trial and now there's additional charges that are being, you know, brought for my client.

And, especially, we need to do an investigation. There's an allegation that guns were used, which never came up before in this whole month -- like my client was never charged with that. So I am most respectfully asking for an adjournment of the trial. I don't think my client is best served -- he also mentioned to me that, based on the new superseding indictment, although we have made our motion with respect to the suppression issue, he would also like me to make some additional motions, and I haven't had the opportunity, because we just met right now, to speak about this in person.

He may want me to file some additional motions with respect to the sufficiency of the indictment and things of that nature. So I really feel that it's critical, in my estimation,

MAEDORTA

1   that we would not be prepared to start the trial the end of

2   November.

3              THE COURT:  When did you join the team?

4              MS. FLORIO:  I joined the team in May.

5              THE COURT:  When did you come to represent Mr. Ortega?

6              MS. FLORIO:  In the beginning of the case.  I just

7   wasn't aware that we were going to have this -- like no one

8   ever told me that we were going to have this case superseded at

9   this late date.

10             THE COURT:  But if there's not much additional

11  evidence, what difference does that make?  I mean, the motion

12  date has passed, so I'm --

13             MS. FLORIO:  But there's a new indictment.

14             THE COURT:  Right.

15             MS. FLORIO:  And I would like the opportunity to

16  discuss with my client and possibly make a motion to dismiss

17  the indictment, bill of particulars, things of that nature,

18  which this is new.  This is not something that we had before.

19  These are new additional charges which are mandatory,

20  consecutive to the already very heavy penalty of the 20 years'

21  mandatory.

22             And my client is very, you know, disturbed by the fact

23  that we're getting very close to trial and we really have not

24  been -- you know, we reached out to the government discussing

25  about pleas, and I guess because of the new superseding

MAEDORTA

1   indictment that was coming down that we weren't aware of, we

2   haven't really engaged in meaningful plea negotiations, and I

3   would like the opportunity to do that as well.

4               THE COURT:  Alright.

5               MS. FLORIO:  That's just our position, your Honor.  I

6   understand your position and the family's position, but this is

7   my position.  I have to protect my client's rights and his

8   wishes, so I wanted to make that known to your Honor.

9               THE COURT:  No.  I understand.

10              Is there any information the government can provide as

11  to why it took so long to supersede and why you're superseding

12  now, a little over, you know --

13              MS. FLORIO:  Eight months --

14              THE COURT:  -- a month away when this trial was

15  scheduled back in May?

16              MR. FERGENSON:  Your Honor, I think it was closer to

17  two months, but we can't go into detail on --

18              THE COURT:  No.  I understand.

19              MR. FERGENSON:  -- the reason why, your Honor, but I

20  would just add that, you know, without -- I did not get into

21  details with Ms. Florio's associate, who I spoke with about the

22  likelihood that there would be a superseding indictment.  But I

23  did at least alert them to that fact.

24              And I can't recall if I mentioned any expected

25  charges, but I think I did make clear that, you know, it's not

1   going to substantially change the evidence.  And I don't think

2   -- I'm not saying Ms. Florio is misrepresenting.  I think, you

3   know, she may just be mistaken.  My conversation was not with

4   her directly.  But that was sometime this summer, your Honor,

5   and I don't -- you know, I think the government would strongly

6   oppose an adjournment.

7           If it's a matter of like a week as a courtesy, you

8   know, perhaps that -- we could be agreeable to that.  We don't

9   want to be unreasonable, but we really don't see a basis for

10  any kind of significant adjournment here, Your Honor.

11          THE COURT:  How long do you anticipate this trial will

12  last --

13          MR. FERGENSON:  I think --

14          THE COURT:  -- assuming I grant the severance motion,

15  which I fully intend to do once I hear Mr. Rosenberg's formal

16  position, which I assume will remain that he has no objection,

17  but I know he said that he is hearing about it for the first

18  time today and wants to discuss it with his client.

19          MR. FERGENSON:  When we had initially discussed the

20  trial, I believe we put it down for two weeks, your Honor.  I

21  think -- we like to be particularly conservative when giving

22  trial-length estimates.  I think, realistically, it will

23  probably be a week trial, you know, with all the caveats that

24  we don't control the defense' case, or the length of

25  cross-examination.

MAEDORTA

1          THE COURT:  Understood.

2          MS. FLORIO:  Your Honor, if I just may be heard with

3   respect to that?

4          THE COURT:  Yes.

5          MS. FLORIO:  I never knew that guns were going to be

6   introduced into this superseding indictment, and I think the

7   allegation is that the place where my client's mother lived was

8   the stash house, right?

9          And I really didn't know that from before with respect

10  to -- you know, I guess guns were found -- like I guess someone

11  is saying that guns were in there, although no guns were ever

12  recovered at the first time of the search and the second time

13  when Ms. Marine had consented to the search.

14         However, there's ringing doorbell cameras and may be

15  other surveillance that now I have to carefully look at with

16  respect to anyone coming in, or I think there's allegations

17  that a lot of drug activity was going on in that apartment, and

18  I know that guns are supposedly in that -- I believe, and I

19  haven't really fleshed this out, since, you know, I don't

20  really have any additional discovery, but I assume that a

21  cooperator, someone is going to come in here and say there was

22  drug activity coming out of this apartment.

23         And I would like an opportunity to have an

24  investigator, which I already hired, to look into that and to

25  speak to other neighbors.  And that's going to take some time,

1 and that was not something that we were sort of anticipating

2 with respect to this indictment.

3 　　　　So I just wanted to make that clear.  It's not only

4 discovery.  It's also investigations, because to me it would be

5 very important to see who is going in and out of that

6 apartment.

7 　　　　If there's allegations by a cooperator, for example,

8 just for example -- I don't know what the evidence is going to

9 be -- that, you know, there was drug activity happening out of

10 this woman's apartment that my client does not live in, but

11 that's his mom and he would go see his mom.  And he was living

12 in New Jersey with his child's mother and his children.

13 　　　　So those are things that I think, in terms of the

14 investigation, that I would need to do to be fully prepared for

15 this trial and to fully cooperate, confront whatever person is

16 going to make allegations, since no actual drugs were ever

17 found in the apartment or on my client or in my client's house,

18 that these are things that I would need to controvert.

19 　　　　So that's why I think I need more time.  I'm not

20 asking for a significant amount of time.  However, we are

21 getting very close to the holidays, and, you know, I did have a

22 trip planned for my birthday, which is a very, very big

23 birthday, which -- I don't want to say how old I am, but I was

24 actually going to go out of the country.  And that's why I was

25 asking if we do go to trial, and we may not go to trial right

1  after the holidays, to begin this trial -- I don't have

2  anything scheduled right after January, so that's why I was

3  asking, because we're already getting dangerously close to the

4  Christmas holidays.  And what if the trial does go over, even

5  if we started on time -- so that's one of the reasons I didn't

6  feel -- a short adjournment, I'm not asking for months.  I'm

7  just asking for an opportunity to complete my investigation and

8  to fully be prepared.

9          I also am on trial, and I know that we don't get 3500

10  material until very, very close to the trial, so I need to be

11  prepared.  And I just don't know how long the trial I'm on --

12  this is a murder trial, and it could last four weeks, so I'm

13  just getting a little worried with respect to my client and all

14  the things that need to be done in light of this new

15  superseding indictment.

16          THE COURT:  Alright.  Thank you.  Just give me one

17  second.

18          So let me ask you this.  Would the parties be

19  available to -- sorry.  Could the parties be available to try

20  this case on January 18th?

21          MS. FLORIO:  Yes.

22          THE COURT:  I'll note that it's a Wednesday.  I know

23  that's a little unusual, but the Court's closed on Tuesday.  I

24  actually have another trial, another criminal trial, both on

25  the 9th and on the 30th.

1     I mean, the other thing I can do is I can try right
2   after January 1st, but we won't have the opportunity to build
3   in the final pretrial conference and the like.  So if we do it
4   on the 18th, we start on that Wednesday, my hope is that then
5   we'll be completed by the 27th.  I have another trial on the
6   30th.
7     Does that work, the 18th through the 27th?  Obviously,
8   if it goes beyond that, I'll push my other trial.  I don't mean
9   to suggest I'm going to limit the time of the trial.  I'm just
10  telling you my thinking of why I'm starting on Wednesday, which
11  I know is a little bit unorthodox.
12          MR. FERGENSON:  Just a moment, your Honor.
13          THE COURT:  Sure.
14          MR. FERGENSON:  Yes, your Honor.
15          THE COURT:  Okay.  So why don't we do that.  I feel
16  like, in light of the fact that the indictment has been
17  superseded, and that Mr. Ortega is now facing additional
18  charges, including ones that carry an additional mandatory
19  sentence for conduct that was not charged previously,
20  specifically firearms possession, I think it's appropriate to
21  grant this one adjournment.
22          I'll tell you now I don't anticipate adjourning it
23  further.  It's important that we move this case to trial, but I
24  also want to ensure that Mr. Ortega has the time he needs to
25  make the motion that he's entitled to make under the law, and

MAEDORTA

1    that his counsel is available to facilitate that.

2            So is there any objection -- I'm going to assume the

3    answer is none -- Ms. Florio, to adjourning the speedy trial

4    time until January 18th?

5            MS. FLORIO:  No objection.  That's on consent.  Thank

6    you.

7            THE COURT:  Alright.  So that motion is granted in the

8    interest of justice for the reasons that I just noted.  I'll

9    issue an order later today with updated submission dates.  I

10   may keep some of the submission dates a little bit earlier with

11   respect to pretrial submissions and the like, just because as

12   we're coming back from the holidays, as I already noted, I have

13   another trial, and I just want to make sure that everything is

14   decided sufficiently in advance of the trial.

15           So I'll issue the order in advance of the -- as well

16   as the date of the final pretrial conference, but you should be

17   prepared to try this case on January 18th.

18           Alright.  Are there any other applications at this

19   time, anything else we need to discuss?

20           MR. FERGENSON:  Not from the government, Your Honor.

21           THE COURT:  Okay.  So, Ms. Florio, are you continuing

22   to supplement or alter the pending motion in any way?  I know

23   you said you might separately, for example, make a motion to

24   dismiss the indictment, the superseding indictment, based on

25   the new charges that have been added, but should I address the

MAEDORTA

1   motion to suppress as is?

2          MS. FLORIO:  Yes, your Honor.

3          THE COURT:  Okay.  And I will do that promptly.

4          So the next issue I want to discuss is Ms. Marine.

5   Assuming that you don't want to go to trial or your client does

6   not want to go to trial with Mr. Ortega and that you consent to

7   the severance, which, as I said, I would sign off on as well,

8   when will you be prepared to set a trial date?

9          MR. ROSENBERG:  Well, Judge, I'd like an opportunity

10  -- I of course don't know any of the discovery in the case or

11  what, if any, motions I'm going to make.

12         THE COURT:  Right.  Well, that's why I'm not asking

13  you to set it today, as much as asking when you'll be able to,

14  because what I'd like to do is schedule another conference, and

15  at that conference I'd like you to be prepared to set a motion

16  schedule and trial date for Ms. Marine.

17         So when do you think -- based on information you have

18  about discovery, when do you think you'll be able to do that?

19         MR. ROSENBERG:  This is my current schedule, your

20  Honor.  I am scheduled to proceed to trial at the end of

21  January, January 23rd, with jury selection, and trial begins on

22  the 30th in the Eastern District of New York.  The case I'm on

23  this morning -- and that was confirmed.

24         I do have another trial scheduled for March 23rd in

25  front of Judge Stein, and another one scheduled for April 10th

1    in the Eastern District on an MS-13 case.  And then there's

2    another case that's scheduled in June as well.

3            So of course I'm not saying that all of those cases

4    are going to trial, but it seems to me at this point in time

5    that the January case will go and the April case will go, and

6    it's possible that the March one will as well.  So I'm pretty

7    stacked up.

8            I will certainly know much more about the viability of

9    those cases either pleading or continuing on a trial track

10   hopefully at a conference date that we can set, and I'd have a

11   much better idea, Judge.  I'll have an opportunity to review

12   the discovery, see the motions.

13           THE COURT:  So what I don't want to do -- I mean, it

14   sounds like you have a very fulsome trial schedule for next

15   year.  What I don't want to do is just put this off for another

16   year.  So the question now is really how long do you need to

17   review discovery such that you're in a position to schedule a

18   trial date?

19           So we don't need to schedule one today, but I want to

20   schedule one soon even if, you know, we need to make it next

21   spring or even summer to accommodate your trial schedule.  I

22   mean, does the beginning of November work, for example, for --

23   I mean, we could do 45 days.

24           MR. ROSENBERG:  I was going to ask for 45 to 60 days.

25           THE COURT:  Okay.

MAEDORTA

1          MR. ROSENBERG:  That's my usual request on discovery

2     review.

3          THE COURT:  Alright.  So why don't we do that.  Why

4     don't we -- why don't we meet on December 16th.

5          MR. ROSENBERG:  December?

6          THE COURT:  December 16th.

7          MR. ROSENBERG:  That's a Friday, yes.

8          THE COURT:  That's a Friday.

9          MR. ROSENBERG:  And I do consent to the severance.

10          THE COURT:  Okay.  Alright.  So that's decided, so

11     that motion's granted.  But should we meet December 16th at

12     1:00 PM, for example?

13          MR. ROSENBERG:  That works.

14          THE COURT:  Does that work?

15          MR. FERGENSON:  Yes, your Honor.

16          THE COURT:  Alright.  So at that time you should be

17     prepared to set a trial date and a motion schedule.

18          MR. ROSENBERG:  Okay.

19          THE COURT:  And assume that we're going to stick to

20     that schedule.

21          MR. ROSENBERG:  We'll do our best.

22          THE COURT:  So I'm giving you those 60 days now to

23     review the discovery, to be in a position to set that trial

24     date.

25          MR. ROSENBERG:  Sounds good.

MAEDORTA

1          THE COURT:  Okay.  And that works for the government?

2          MR. FERGENSON:  It does, your Honor.

3          May I ask one clarifying question?

4          THE COURT:  Yes.

5          MR. FERGENSON:  I know the judge said you'll be

6    issuing an order later with updates.  Will that include the

7    schedule for Rule 12 motions, like a motion to dismiss the

8    indictment, or --

9          THE COURT:  Why don't we schedule that today.

10         MR. FERGENSON:  Okay.

11         THE COURT:  What I'll do by order, and I'm glad you

12   raised that, is I'll just address the pretrial submissions,

13   which will be closer to the trial date, although, as I already

14   noted, probably in December sometime.

15         So, Ms. Florio, how much time do you need to make

16   additional motions, such as the motion to dismiss the

17   superseding indictment that you referenced?

18         MS. FLORIO:  Thirty days, your Honor.

19         THE COURT:  Alright.  So that takes us to

20   November 14th.  How long -- does the government need to

21   respond?

22         MR. FERGENSON:  Would three weeks work for the Court?

23         THE COURT:  So that goes to December 5th.

24         And then, Ms. Florio, I'll give you until -- I'll give

25   you a week to reply.  So that's December 12.  Okay?

1          MS. FLORIO:  Thank you.

2          THE COURT:  Alright.  So we have that schedule.

3          Mr. Rosenberg, do you consent to the exclusion of

4    speedy trial time until we meet again on the December 16 date?

5          MR. ROSENBERG:  I do indeed, Judge.

6          THE COURT:  Okay.  And I'm going to exclude time from

7    today until December 16 pursuant to 2018 United States Code

8    Section 3161(a).  I find that the ends of justice served by

9    excluding such time outweigh the interests of the public and

10   the defendant in a speedy trial, because it will allow time for

11   the defendant and her counsel to review discovery, to consider

12   whether to make any motions, and, if so, to prepare them and --

13   or start to prepare them and to discuss any possible

14   disposition of the case.

15         Are there any other applications at this time?

16         MR. FERGENSON:  No, your Honor.

17         MS. FLORIO:  No, your Honor.  I just wanted to be

18   clear that we do not have to -- Mr. Ortega does not have to

19   appear on December 16, correct?

20         THE COURT:  That is correct.

21         MS. FLORIO:  Thank you.

22         THE COURT:  I am severing the two cases, and so he

23   does not have to appear.  So we'll have the proceedings

24   separately going forward in each of the two cases.  Alright.

25         MS. FLORIO:  Thank you very much.

MAEDORTA

1                THE COURT:  Thank you.  We are adjourned.

2                (Adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25