LAW OFFICE
OF
**B. ALAN SEIDLER**
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007

REPLY TO:
PO BOX 582
PALISADES, NY 10964

TELEPHONE
(212) 334-3131
seidlerlaw@gmail.com

January 16, 2023

Hon. Ronnie Abrams
United State District Judge
United States Courthouse
40 Centre Street
New York, NY 10007

re: USA v. Ortega
    22cr91(RA)

Dear Judge Abrams;

    Ortega's defense is that co-defendant and co-conspirator Kaylen Rainey was specifically told never to obtain narcotics from the subject specific cocaine supplier with Mexican connections because her cocaine was laced with deadly amounts of fentanyl.  Rainey specifically agreed he would not do so, but approximately 1 month later Rainey violated said agreement. Unknown to Ortega Rainey went to said supplier, obtained cocaine which Rainey knew to be laced with fentanyl, and sold that cocaine on the same night to Amanda Scher, Julia Ghahramani, and Ross Mtanji.

    Upon the information and belief of Ortega, Rainey who is now a government cooperator will testify that he did not know the cocaine he delivered to the 3 deceased persons contained fentanyl; that Rainey would never knowingly put the lives of others in danger, and to the extent the cocaine he delivered caused deaths it was a mistake and a tragic accident that he cannot

condone.

Defense witness Jonathan DeLaura in contrast will testify that Rainey, ~~willingly~~ ~~regularly~~ prostitutes himself with inmates at the Metropolitan Detention Center without the knowledge of the inmates ~~attorney's/lawyers. In discussions between or amongst~~ es Rainey sells his body for financial gain an~~d engages in unprotected sex with the~~ e i~~nmates/customers while he is HIV positive, and Rainey has not disclosed that information to~~ ~~customers~~rs.

Additionally, Rainey in violation of his cooperation agreement and the laws of the United States continues to sell fentanyl laced marijuana, and synthetic heroin at the MDC. Rainey has "often" tried to to recruit DeLaura as his business partner in the MDC distribution scheme. This is of particular concern because as a government cooperator the government is vouching for Rainey's truthfulness at Ortega's trial, and will seek to introduce his cooperation agreement on re-direct examination into evidence. Further, it is my information that although the government was furnished with a copy of the DeLaura letter dated 10/30/22 [which is also attached to this submission] the government has never interviewed DeLaura. I also attach to this submission a second letter written by DeLaura expressing his desire to speak with me concerning his interactions at the MDC with Rainey, and attach a defense trial subpoena served by mail upon DeLaura.

Defendant Ortega submits DeLaura should be permitted to testify at Ortega's trial under Federal Rules of Evidence @404(b)(2). Rainey selling the deadly fentanyl laced cocaine to the 3 deceaseds was not an accident or mistake on the part of Rainey. Rainey was previously instructed not to do so because the supplier's drugs were poison,R ainey knew what he was doing was wrong and deadly, but Rainey did not care. Because Rainey did not care, three people died

as a consequence. Rainey's conduct at the MDC is proof of other/similar conduct consistent with selling that fentanyl laced cocaine. Rainey sells his body to other inmates for money~~, beating he~~ ~~is plea~~~~ing in~~~~ ~~~~one half of their inmates is larger~~, but Rainey does not care. Rainey just wants the money. Similarly, Rainey knew what he was doing by selling that poisoned cocaine to Scher, Ghahramani, and Mtangi. It was done deliberately by Rainey, and was not a mistake or accident. His intent was to enrich himself.

Similarly, Rainey's drug sales at the MDC are evidence of his cynical opportunity, motive and intent to use his cooperation agreement as a vehicle to seek a lightened punishment, and avoid mandatory minimum sentencing requirements. According to DeLaura Rainey states the earlier Rainey gets out of prison the earlier he can resume drug trafficking. Further, the government should not be allowed to vouch for the testimony of Rainey at trial without a full picture of Rainey the person being considered by the jury. Rainey is just not using drugs at the MDC, he is selling drugs at the MDC. By virtue of his cooperation agreement Rainey has a bias in favor of the government. Evidence that a government witness has a bias in favor of the government is always permissible cross-examination and, if not admitted by the witness, may be proven by extrinsic evidence. United States v. Abel, 469 U.S. 45, 52, 105 S.Ct. 465, 469, 83 L.Ed.2d 450 (1984); United States v. Atherton, 936 F.2d 728, 733 (2d Cir. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1187, 117 L.Ed.2d 429 (1992).

The testimony of DeLaura is admissible under Rule 404(b).

However, even under a Rule 608 analysis the prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness. According to the Committee Notes on Rules, year 2003 was the last amendment to rule 608. That substantive amendment limited the application of the extrinsic

evidence bar to proof of a witness' character for truthfulness. Since 2003, Rule 608 permits proof by extrinsic evidence of issues other than character for truthfulness (e.g. contradiction, prior inconsistent statement, bias and mental capacity) as long as the extrinsic evidence meets the criteria of Rules 402 and 403. See also, United States v. Abel, supra. at 45 (1984); United States v. Fusco, 748 F.2d 996 (5th Cir. 1984). Consequently, even under Rule 608(b) DeLaura's testimony, apart from potential testimony concerning Rainey's character for truthfulness, is admissible if it meets the criteria of Rules 402 and 403. In any event, impeachment of a witness is not governed by Rule 608, it is governed by Rules 402 and 403. United States v. Tarantino, 846 F.2d 1385 (D.C. Cir. 1988)[admissibility of extrinsic evidence offered to contradict a witness is governed by Rules 402 and 403]; United States v. Lindeman, 85 F.3d 1232 (7th Cir. 1996) [admissibility of extrinsic evidence of bias is governed by Rules 402 and 403]; United States v. Winchenbach, 197 F.3d 548 (1st Cir. 1999) [admissibility of a prior inconsistent statement offered for impeachment is governed by Rules 402 and 403, not Rule 608(b)].

Ortega submits that the testimony of DeLaura is admissible evidence under the Federal Rules of Evidence @404(b)(2), @608(b), @402, and @403.

Respectfully,

B. Alan Seidler