N462MarC kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,            New York, N.Y.

            v.                       22 Cr. 91 (RA)

JOSEFINA MARINE,

            Defendant.

------------------------------x      Conference

                                     April 6, 2023

                                         11:10 a.m.


Before:

                    HON. RONNIE ABRAMS,

                                     District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MICAH F. FERGENSON
     Assistant United States Attorney


JOHN L. RUSSO
     Attorney for Defendant


Also Present:

HUMBERTO GARCIA, Spanish Interpreter
```

1           (Case called)
2           THE DEPUTY CLERK:  Counsel, please state your name for
3     the record.
4           MR. FERGENSON:  Good morning, your Honor.  Micah
5     Fergenson for the government.
6           THE COURT:  Good morning.
7           MR. RUSSO:  Good morning, Judge.  For Josephine
8     Marine, John Russo.
9           THE COURT:  Good morning.
10          THE DEFENDANT:  Good morning.
11          THE COURT:  You can be seated.  Thank you.
12          The last time we spoke was back in March when I
13    relieved the former counsel, Mr. DuBoulay, and appointed
14    Mr. Russo, or Mr. Russo took over, rather, to represent
15    Ms. Marine.
16          Where are we now?  What's happened since, what's the
17    status of discovery?
18          Why don't I turn to the government first.
19          MR. FERGENSON:  Yes, your Honor.
20          As I understand it, prior counsel supplied -- and I
21    can let Mr. Russo speak to this.  Prior counsel supplied some
22    kind of thumb drive to Mr. Russo that didn't work.  The
23    government is prepared to provide an additional copy of
24    discovery to defense counsel.  We have requested, some time
25    ago, a one terabyte hard drive to do so.  Given the fact that

1  there was a trial of the codefendant, it is quite extensive
2  discovery.  We are prepared to load that as soon as we receive
3  it.
4          THE COURT:  Thank you.
5          Mr. Russo.
6          MR. RUSSO:  Yes.  Hi, Judge.
7          Yes.  The -- Mr. Rosenberg, I guess, outgoing
8  counsel, had sent over a thumb drive which turned out to be
9  empty.
10         THE COURT:  Mr. DuBoulay, right?
11         MR. RUSSO:  I tried to reach him to see if he had
12 what would be the appropriate storage device, which I am told
13 is something of a terabyte nature, which is much larger, and I
14 would assume that he would have that.  So he has not been
15 responsive.
16         I have been in contact with the government.  I will
17 send them over, if all else fails, and I will do that before
18 close of business this week, the terabyte hard drive that they
19 require.
20         There is a plea offer that was extended prior to my
21 entering the case to my client.  It doesn't appear that we
22 would be interested in it, but I can't even address it in a
23 meaningful way until I see some of the discovery.
24         There is also, Judge, a protective order which I
25 haven't seen.  I am happy to sign it and be bound by it.  I

1  don't know if that's a precondition of me getting the
2  discovery or not, but I am happy to sign on to it verbally, in
3  writing, however you would like.
4           MR. FERGENSON:  Just a couple of points, your Honor.
5           One, as a technical matter, no plea offer has
6  actually been extended, although a contemplated one was
7  discussed with prior counsel, and the contours of it have been
8  provided to Mr. Russo, as well, for his consideration.
9           Second, I will check this particular protective
10 order, but typically it includes a provision that, once
11 agreed to by the defendant, it binds any successive counsel,
12 as well.
13          THE COURT:  Right.  It sounds like Mr. Russo is
14 willing to sign off on it anyway, so it sounds like that's
15 something you can all work out.
16          So Mr. Russo, from your perspective, I would think
17 that you can figure out the logistics of the -- and the
18 technology pretty quickly.  I think the question is how much
19 time do you need to review that discovery?  Are you in a
20 position to set a trial date now or would you rather review
21 the discovery first and then come back and then we can set a
22 trial date at that point in time?
23          MR. RUSSO:  Yes, Judge.  I think the latter is more
24 prudent from our perspective.  I am more than happy to consent
25 to the exclusion of time.

1     Maybe a June date, mid June.  That should give me
2 plenty of time to not only get the material, but have some
3 back-and-forth and some dialogue with the government as to the
4 path forward, if there is to be one, for a disposition short
5 of trial.
6     I have one other item, Judge.
7     THE COURT:  Why don't we just do that.  Why don't we
8 choose a date, if we can, at the end of June.  So how about
9 June 29 or June 30?  June 30 I think is right before the July
10 4th weekend, so maybe June 29.
11     MR. FERGENSON:  That works for the government.
12     MR. RUSSO:  That's fine, Judge.
13     THE COURT:  Okay.  All right.  So why don't we say
14 June 29, at 2:30.  So June 29 at 2:30.  And Mr. Russo already
15 consented to exclusion of speedy trial time, so I am going to
16 exclude time from today until June 30 pursuant to 18 --
17     THE DEPUTY CLERK:  June 29.
18     THE COURT:  June 29.  I'm sorry.  I misspoke.
19 -- June 29, pursuant to 18 United States Code §
20 3161(h)(7)(A).  I find that the ends of justice served by
21 excluding such time outweigh the interests of the public and
22 the defendant in a speedy trial, because it will allow time
23 for the defendant's new retained counsel to get up to speed
24 and to review the discovery.
25     But I expect that -- you should bring your calendar.

1  I expect to set a trial date on June 29, so I am just going to
2  ask that you all bring your calendars with you and be prepared
3  to do so.
4  　　　　　All right.  You wanted to raise an additional issue.
5  　　　　　MR. RUSSO:  Yes, Judge.
6  　　　　　I have heard from Ms. Marine's pretrial officer,
7  Ashley Cosme.  She has not only consented, but requested from
8  me that I request from the Court the removal of the electronic
9  monitoring device that Ms. Marine now has, which I imagine
10 would also ask that the Court forego the home detention, which
11 I think is a condition tied to the electronic monitoring.
12 That is at their request.  I am happy to submit a writing, but
13 since it was a late-breaking thing and we were going to be
14 here, I figured I would speak to the Court about that and have
15 the government here to see if they have any opposition to such
16 a change of condition.
17 　　　　　THE COURT:  Does the government have a position on
18 this?
19 　　　　　MR. FERGENSON:  I mean, it may make sense, your Honor,
20 for us to speak with Ms. Cosme first, before we --
21 　　　　　THE COURT:  I agree.  And I would like to hear
22 Ms. Cosme's position as well.  So why don't you do that and
23 make a submission to me in writing and make clear the position
24 of the probation department.  And if we need to come back
25 here, I am happy to do that.

N462MarC kjc

1           Are there any other applications at this time?
2           MR. RUSSO:  Nothing else, your Honor.
3           MR. FERGENSON:  No, your Honor.  Thank you.
4           THE COURT:  Okay.  Thank you.  We are adjourned.
5                              oOo

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300